

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50086 / 99 C 50286 | **DATE** | 11/6/2003 |
| **CASE TITLE** | Hyatte vs. Winnebago County | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, the court grants defendants' motion for summary judgment in both Case No. 99C50286 and Case No. 00C50086 and dismisses both cases in their entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | 3 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | NOV 14 2003 date docketed | 9 |
| X | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Mail AO 450 form. | 2003 NOV -6 PM 3:44 | 11-6-03 date mailed notice | |
| | Copy to judge/magistrate judge. | FILED | | |
| LC6 | courtroom deputy's initials | Date/time received in central Clerk's Office | CR mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Gloria Hyatte, filed two complaints, one against Winnebago County (00C50086) and the other against the County and the Recorder of Deeds (99C50286), both of which were consolidated. Defendants have moved for summary judgment as to all claims in both complaints.

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Windle v. City of Marion, 321 F. 3d 658, 660 (7th Cir. 2003). The court will address the motion for summary judgment as to each complaint separately.

### Case No. 99C50286

Plaintiff concedes in her response to the motion for summary judgment that she is basing her claims only on conduct that occurred after she was reinstated in November of 1993. Summary judgment is, therefore, granted as to Count I of the amended complaint in its entirety as it only contains pre-November 1993 allegations. Summary judgment is also granted as to all other counts of the amended complaint to the extent they allege pre-November 1993 conduct.

Summary judgment is also granted as to Count III of the amended complaint because the EEOC charge attached to the amended complaint is dated December 19, 1988. Thus, none of the post-1993 conduct alleged in Count III was ever submitted to the EEOC, nor is it reasonably related to the charge or expected to grow out of any EEOC investigation. See Sitar v. Indiana Dept. of Transp., 334 F. 3d 720, 726 (7th Cir. 2003).

That leaves Count II, which is based on section 1981 and not dependent on the EEOC charge. See Walker v. Abbott Laboratories, 340 F. 3d 471, 474 (7th Cir. 2003). A section 1983 claim has a two-year statute of limitations, see Jones v. R.R. Donnelly & Son Co., 305 F. 3d 717 (7th Cir. 2002), cert. granted, 123 S. Ct. 2074, 155 L. Ed. 2d 1059 (May 19, 2003), therefore, the court will only consider those allegations and facts occurring after December 22, 1997.

Section 1981 claims have the same liability standard as Title VII claims. Walker, 340 F. 3d at 474. A claim of racial discrimination or retaliation may be established either using the direct method or the indirect, burden-shifting method prescribed under McDonnell Douglas v. Green, 411 U.S. 742 (1973). Johnson v. Cambridge Industries, Inc., 325 F. 3d 892, 896 (7th Cir. 2003). Under the direct method, there must be direct evidence of racial discrimination. Ajayi v. Aramark Business Serv., Inc., 336 F. 3d 520, 531 (7th Cir. 2003).

Here, plaintiff offers no direct evidence to support her section 1981 claim in Count II of her amended complaint. Thus, if she is to withstand summary judgment, she must rely on the indirect method.

To prevail under the indirect approach, a plaintiff must first establish a prima facie case of discrimination or retaliation, which then shifts the burden to the defendant to provide a legitimate, nondiscriminatory reason for the challenged employment decision. Johnson, 325 F. 3d at 897. If a defendant does so, the plaintiff retains the ultimate burden to show that the proferred reasons are pretextual. Johnson, 325 F. 3d at 897.

To establish a prima facie case of discrimination under Title VII or section 1981, a plaintiff must show she belongs to a protected class, she was performing her job satisfactorily, she suffered an adverse employment action, and a similarly-situated employee who was not a member of the protected class was treated more favorably than the plaintiff. Johnson, 325 F. 3d at 897. To make a prima facie case of retaliation under Title VII or section 1981, a plaintiff must show she engaged in protected activity, she suffered an adverse employment reaction, and that there is a causal connection between the two. Ajayi, 336 F. 3d at 533.

Here, there is no evidence that raises an inference of a causal connection between having filed a prior complaint of discrimination and the events that occurred on or after December 22, 1997. While plaintiff may have been treated by her immediate supervisor and fellow employees in ways she did not like, there is not one shred of evidence that such treatment was in any way related to her prior complaint or to her race. Nor is there any indication that other similarly situated individuals were treated more favorably. Accordingly, summary judgment is granted as to Count II of the amended complaint regarding both the claim of retaliation and to the extent Count II can be read to allege a claim of race discrimination generally.

### Case No. 0050086

The court grants summary judgment as to Count I as it alleges general race discrimination, and the EEOC charge is based on retaliation and age discrimination only. See Sitar, 334 F. 3d at 726.

As for Count II, a section 1981 claim for race discrimination and retaliation similar to that alleged in Case No. 9950286, summary judgment is granted for the same reasons as in Case No. 99C50286.

Summary judgment is also granted as to the race discrimination claim in Count III because it is not included in the relevant EEOC charge.

As for the retaliation claim in Count III, plaintiff has failed to submit evidence to show any causal connection between the complained of conduct and her previous complaints of discrimination. Furthermore, her employer after she was reinstated, the Recorder of Deeds, submitted an undisputed affidavit that he was unaware that plaintiff had filed a previous lawsuit until she filed her complaint in this court. To the extent her claim is based on the fact that she was not given the programmer/analyst position, it is undisputed that the person making that decision was aware that plaintiff had filed "some type of legal action" but was not aware of the nature of that action or the outcome and that his "minimal knowledge" had no influence on his hiring decision. Summary judgment is therefore entered as to Count II in its entirety.

That leaves the age discrimination claim in Count IV. To establish a prima facie case of age discrimination, a plaintiff must show : (1) she is a member of the protected class; (2) she applied for and was qualified for the position sought; (3) the employer rejected her; and (4) the employer hired a similarly situated person for the position who was substantially younger than the plaintiff. Zaccagnini v. Chas. Levy Circulating Co., 338 F. 3d 672, 675 (7th Cir. 2003). As for the fourth element, whether two people are similarly situated is centered primarily on characteristics such as education, experience, performance, qualifications, and conduct. Zaccagnini, 338 F. 3d at 675-76.

In this case, it is undisputed that plaintiff was not hired because she lacked the minimum requirements for the position based on her lack of computer programming education and experience and her lack of experience related to the application or operation of computer systems. Additionally, the person hired for the position had a college degree in computer information systems. Because plaintiff has failed to make a showing that she was qualified for the position and that a similarly situated person was given the job, summary judgment is granted as to Count IV.

The court is unpersuaded by plaintiff's last ditch effort to include a claim of age discrimination based on her not being hired for a process server position. She has offered no evidence that the person hired was substantially younger than her or that the other person was similarly situated. Further, while plaintiff admits she had no experience relevant to the position, she "assumes" the person hired also did not. Such assumptions not supported by fact are insufficient to survive a summary judgment motion.

For the foregoing reasons, the court grants defendants' motion for summary judgment as to all claims in both Case No. 99C50286 and Case No. 00C50086 and dismisses both cases in their entirety.